UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IC INTERNATIONAL GROUP, LLC, CESAR AUGUSTO ESCOBAR VALDIVIESO, IDANY ERUBY CHACON DE ESCOBAR and CESAR AUGUSTO ESCOBAR CHACON,

    Plaintiffs,

v.    Case No: 6:17-cv-377-Orl-40GJK

U.S. CITIZENSHIP & IMMIGRATION SERVICES (USCIS), DIRECTOR, USCIS TEXAS SERVICE CENTER and ACTING SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,

    Defendants.
_____/

## ORDER

This cause comes before the Court without oral argument on the following:

1. Plaintiffs' Amended Motion for Summary Judgment (Doc. 26);

2. Defendants' Cross-Motion for Summary Judgment (Doc. 33);

3. Plaintiffs' Response in Opposition to Defendant's Cross-Motion for Summary Judgment (Doc. 37); and

4. Defendants' Reply (Doc. 40).

With briefing complete, the matter is ripe. Upon consideration, Defendants' motion is due to be granted and Plaintiffs' denied.

**I.    BACKGROUND**

Plaintiffs—IC International Group, LLC ("**ICIG**"), Cesar Augusto Escobar Valdivieso ("**Mr. Escobar**"), Idany Eruby Chacon de Escobar, and Cesar Augusto Escobar Chacon[1]—bring this action seeking to reverse the denial of Mr. Escobar's and his family's immigration petitions. (Doc. 20).

On September 7, 2011, Mr. Escobar was admitted to the United States after his L-1A nonimmigrant visa application was granted. (CAR at p. 6).[2] The visa, valid for one year, was granted under the "new office" provision of 8 C.F.R. § 214.2(1)(3)(v) to allow Mr. Escobar to serve as President of ICIG in the United States.[3] Mr. Escobar is the "majority owner, president, and chief executive officer" of both ICIG and Info-Class, ICIG's affiliate. (Doc. 20, ¶ 8). Mr. Escobar's L-1A nonimmigrant status was extended three times, to June 23, 2018. (Doc. 20-3).

On July 1, 2013, ICIG filed an I-140 petition to U.S. Citizenship and Immigration Services ("**USCIS**"), which sought to classify Mr. Escobar permanently as an EB-1C immigrant multinational executive under 8 U.S.C. § 1153(b)(1)(3). (CAR at pp. 1094–1203). Contemporaneously, Mr. Escobar filed a Form I-485 status adjustment application. (CAR at p. 268). On December 4, 2015, USCIS issued a Notice of Intent to Deny ("**NOID**"),

---

[1] Idany Eruby Chacon de Escobar is Mr. Escobar's wife, (Doc. 20, ¶ 9), and Cesar Augusto Escobar Chacon is Mr. Escobar's son. (*Id.* ¶ 10). Their Form I-485 applications are derivative of Mr. Escobar's.

[2] For purposes of this Order, the Court cites the Certified Administrative Record as "(CAR at p. #)." The Certified Administrative Record is attached to Docket Entry 39. (Docs. 39-1 through 39-8).

[3] ICIG is a telecommunications company formed on May 14, 2010, in Florida, (CAR at pp. 1113–14), and an affiliate of Informatica Info-Class, C.A. ("**Info-Class**"), a Venezuelan company. (Doc. 20, ¶ 7). ICIG is the "petitioner" that submitted the Form I-140 on Mr. Escobar's behalf. (*Id.*). Mr. Escobar is the "beneficiary" of ICIG's I-140 filing. (*Id.* ¶ 8).

asking for additional evidence to address deficiencies in Mr. Escobar's petitions regarding his experience, the proposed executive position in the United States, and ICIG's U.S. business. (CAR at pp. 1087–92). On January 11, 2016, Plaintiffs responded to the NOID. (CAR at pp. 578–1085). Thereafter, USCIS denied ICIG's I-140 petition and Mr. Escobar's Form I-485 application. (CAR at pp. 570–77, 256–95).

On March 28, 2016, IC Int'l appealed the denial of Mr. Escobar's petition, which USCIS dismissed on August 24, 2016. (CAR at pp. 191–93, 199–200). Plaintiffs instituted this action with the filing of the Complaint on March 3, 2017. (Doc. 1). Then, on May 10, 2017, USCIS *sua sponte* re-opened Plaintiffs' immigration case and issued another NOID. (CAR at pp. 171–88). After receiving Plaintiffs' response to the NOID, USCIS again denied Plaintiffs' I-140 petition, this time on two grounds: (1) Plaintiffs had not established that Mr. Escobar "primarily" worked in an executive capacity abroad at Info-Class, in part because of his work with another company, ZTE de Venezuela, C.A. ("**ZTE**");[4] and (2) Plaintiffs did not prove that Mr. Escobar will work primarily in an executive capacity for ICIG because of his continuing employment with ZTE, ICIG's dearth of subordinate staff, non-qualifying duties associated with the U.S. position, and insufficient U.S. business to necessitate the presence of an executive. (CAR at pp. 5–14).

---

[4] Mr. Escobar was hired by ZTE in August 2005 as a "Manager of Strategic Operations." (SAR at p. 252). He was promoted to Director of Engineering in 2006, and to his current position of Executive Vice President in October 2007. (*Id.*). In his current role, Mr. Escobar "develop[s] strategies and commercial objectives of" ZTE in Latin America and the Caribbean. (*Id.*). His duties are described by ZTE as "at the highest level," though ZTE stresses that Mr. Escobar's duties "do[] not interfere or limit the fact that he had provided or provides [sic] professional services to other organizations." (*Id.*).

3

After USCIS' most recent denial of their petitions, Plaintiffs filed the Amended Complaint (Doc. 20) requesting the Court set aside the USCIS decision and remand Plaintiffs' I-140 petition and I-485 applications with instructions to approve the applications. (Doc. 20, p. 14). Plaintiffs seek relief pursuant to the Administrative Procedures Act ("**APA**"), 5 U.S.C. § 500 *et seq.* (*Id.*). Both parties have moved for summary judgment. (Docs. 26, 33). The parties agree "that the Court can resolve this case based on its review of the administrative record and the parties' cross-summary judgment motions." (Doc. 18).

## II.  STANDARD OF REVIEW

### A.  Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view the evidence "in the light most favorable to the [non-moving] party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A "material" fact is a fact that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Id.*

### B.  Agency Review

Decisions to grant or deny visa petitions are subject to review pursuant to the APA. *Khamisani v. Holder*, No. H–10–0728, 2011 WL 1232906, at *3 (S.D. Tex. Mar. 31, 2011). Under the APA, the Court must set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Sierra Club v. Van*

*Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008) (quoting 5 U.S.C. § 706(2)(A)). "This standard is 'exceedingly deferential.'" *Mendoza v. Sec'y*, 851 F.3d 1348, 1352–53 (11th Cir. 2017) (quoting *Defenders of Wildlife v. U.S. Dep't of Navy*, 733 F.3d 1106, 1115 (11th Cir. 2013)). The Court must not substitute its own judgment for the agency's, rather the question to be decided is whether the agency came to a "rational conclusion." *Id.* at 1353.

## III. DISCUSSION

### A. E1-BC Immigrant Visa Classification

The Immigration and Nationality Act ("**INA**") provides for preferred visas for "Certain multinational executives and managers." 8 U.S.C. § 1153(b)(1)(C). "If qualified, multinational executives and managers are among those workers given 'first priority' for visas in the employment context . . . ." *Khamisani*, 2011 WL 1232906, at *7. Eligibility for multinational executive or manager visas is governed by the INA and its regulations. A United States employer seeking to hire such a multinational must file a Form I-140 petition with the USCIS on the beneficiary's behalf. 8 U.S.C. § 1153(b)(1)(C); 8 C.F.R. § 204.5(j)(1); *Khamisani*, 2011 WL 1232906 at *4.

The INA provides the following description of aliens eligible for a "multinational executives and managers" visa:

> An alien is described in this subparagraph if the alien, in the 3 years preceding the time of the alien's application for classification and admission into the United States under this subparagraph, has been employed for at least 1 year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and the alien seeks to enter the United States in order to continue to render services to the same employer or to a subsidiary or affiliate thereof *in a capacity that is managerial or executive*.

8 U.S.C. § 1153(b)(1)(C) (emphasis added). Section 1153(b)(1)(C) therefore requires two showings: (1) the prospective beneficiary was employed as an executive for one of the three years preceding entry into the United States, and (2) the alien will be employed in

an executive capacity once admitted. *Id.* The petitioner must establish eligibility for classification as a multinational executive by a preponderance of the evidence. 8 U.S.C. § 1361; *Matter of Chawathe*, 25 I. & N. Dec. 369, 375–76 (AAO 2010).

The statute defines "executive capacity" as an assignment within an organization in which the employee *primarily*:

> (i) directs the management of the organization or a major component or function of the organization;
> (ii) establishes the goals and policies of the organization, component, or function;
> (iii) exercises wide latitude in discretionary decision-making; and
> (iv) receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

8 U.S.C. § 1101(a)(44)(B). To establish the primacy of the proposed beneficiary's executive or management duties, the petitioner must "specify the nature of the proposed beneficiary's duties." *Tsiva, Inc. v. Attorney Gen.*, No. 3:12–cv–631–J–34PDB, 2014 WL 6675607, at *7 (M.D. Fla. Nov. 24, 2014). General job descriptions are inadequate to satisfy this burden. *Id.*; *see also Khamisani*, 2011 WL 1232906 at *7.

### B. The Parties' Positions

Plaintiffs assert that Petitioner submitted sufficient evidence to establish that Mr. Escobar qualifies for a visa under 8 U.S.C. § 1153(b)(1)(C), and that USCIS' contrary conclusion is arbitrary and capricious. (Doc. 26, pp. 6–13). In support, Plaintiffs point to numerous exhibits from the Administrative Record, including organizational charts, letters from customers and banks, contracts entered into and signed by Mr. Escobar on behalf of Info-Class, and minutes from shareholder meetings. (*Id.* at pp. 6–7; *see also* Docs. 39-1 through 39-8). According to Plaintiffs, the exhibits show that Mr. Escobar's actual duties were primarily executive. On these grounds, Plaintiffs argue that USCIS' first finding— that the petitioner failed to establish "Mr. Escobar worked in an executive capacity for

Informatica Info-Class, C.A. for at least one year" out of the three years preceding his U.S. entry—was arbitrary and capricious. (Doc. 26, pp. 6–13). Plaintiffs also challenge USCIS' other dispositive finding: that insufficient evidence was presented to establish that Mr. Escobar would work in an executive capacity once admitted into the United States. (*Id.* at pp. 14–16). Plaintiffs offer no argument as to the second finding in their Amended Motion for Summary Judgment, and instead merely cite to a litany of exhibits from the Administrative Record that purportedly establish the arbitrariness of the USCIS decision. (*Id.* at pp. 14–16). Plaintiffs' only argument as to USCIS' second finding can be found in Plaintiff's Reply in Opposition to Defendant's Cross-Motion for Summary Judgment (Doc. 37, pp. 6–8).

Defendants, however, maintain that USCIS correctly found that petitioner failed to establish that Mr. Escobar (1) was employed in an executive capacity before entering the United States, and (2) would be employed in as an executive with ICIG. (Doc. 33, pp. 18–23). In support of the first finding, Defendants note that the petitioner failed to disclose Mr. Escobar's high-level employment with ZTE. (*Id.* at p. 11–13). Defendants next assert that Mr. Escobar's duties—as described in Plaintiffs' immigration petitions—"indicate that he primarily engaged in sales, which is not an executive duty." (*Id.* at p. 13). As to the second finding, Defendants assert that the USCIS decision was supported based on Mr. Escobar's continuing employment with ZTE, IC's lack of sufficient subordinate staff, non-qualifying duties associated with the U.S. position, and insufficient business to justify the presence of a U.S. executive. (*Id.* at pp. 14–16).

7

### C. Analysis

The Court finds that USCIS' decisions were neither arbitrary nor capricious. Applying this "exceedingly deferential" standard, there can be no doubt that the USCIS' conclusions were "rational." *See Mendoza v. Sec'y*, 851 F.3d 1348, 1352–53. As for USCIS' first finding as to Mr. Escobar's work abroad, the non-disclosure of Mr. Escobar's concurrent employment with ZTE and Info-Class was properly considered by USCIS as a ground for denying IC's I-140 petition. Mr. Escobar's concurrent "highest level" employment with ZTE undercuts Plaintiffs' argument that Mr. Escobar was employed "primarily" as an executive at Info-Class before entering the United States. The Court otherwise agrees with USCIS' finding that Plaintiffs failed to establish that Mr. Escobar worked "primarily" in a qualifying executive capacity at Info-Class before entering the United States. The Court declines Plaintiffs' invitation to substitute its own judgment for the agency's well-supported decision.

Even if Plaintiffs were able to establish that USCIS' decision as to the executive duties abroad element, they would lose on the second dispositive element: Plaintiffs failed to prove by a preponderance of the evidence that Mr. Escobar would be working in an executive capacity upon entering the United States. Although Plaintiffs challenge this second finding in their Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 37), the challenge goes to USCIS' assessment of the evidence. Here again, Plaintiffs fail to show that the challenged decisions are arbitrary and capricious.

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Amended Motion for Summary Judgment (Doc. 26) is **DENIED**.

2. Defendants' Cross-Motion for Summary Judgment (Doc. 33) is **GRANTED**.

3. The Clerk of Court is **DIRECTED** to:

    a. Enter judgment in favor of Defendants, U.S. Citizenship & Immigration Services, Director, USCIS Texas Service Center, and Acting Secretary, U.S. Department of Homeland Security;

    b. Terminate any pending motions and deadlines; and

    c. Close the file.

**DONE AND ORDERED** in Orlando, Florida on August 29, 2018.

*[signature]*

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties